**FA HUA JIN, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

**No. 07–2160–ag.**

United States Court of Appeals, Second Circuit.

Feb. 28, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2) Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Douglas B. Payne, New York, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Emily Anne Radford, Assistant Director, Nicole N. Murley, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. REENA RAGGI, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner, Fa Hua Jin, a native and citizen of China, seeks review of an April 24, 2007 order of the BIA affirming the November 14, 2005 decision of Immigration Judge ("IJ") Sarah M. Burr denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re FuHua Gim a.k.a. Fa Hua Jin a.k.a. Fu Hua Jin*, No. A 97 657 191 (B.I.A. Apr. 24, 2007), *aff'g* No. A 97 657 191 (Immig. Ct. N.Y. City Nov. 14, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005) (per curiam). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). *See, e.g., Belortaja v. Gonzales*, 484 F.3d 619, 623 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. United States Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

In addition to the statutory requirement that petitioners exhaust the categories of relief they seek, 8 U.S.C. § 1252(d)(1), petitioners must also raise to the BIA the specific issues they later raise in this Court. *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir.2004) (per curiam). While not jurisdictional, this judicially imposed exhaustion requirement is mandatory. *Lin Zhong v. United States Dep't of Justice*, 480 F.3d 104, 119–20 (2d Cir.2007). Jin failed to argue in her appeal to the BIA that the inadequacy of the interpreter at

her merits hearing might have tainted the IJ's overall adverse credibility determination. Because the Government has raised this failure to exhaust in its brief to this Court, we decline to consider this issue. *See Lin Zhong*, 480 F.3d at 124–25.

The IJ's adverse credibility finding is supported by (1) her observations of Jin's demeanor, (2) material inconsistencies between Jin's testimony and her corroborating evidence, and (3) her failure to provide corroborative evidence in the form of original identification documents. We afford substantial deference to the IJ's assessment of demeanor. Because the record supports the IJ's observation that Jin answered questions non-responsively multiple times before addressing the original question asked of her, we conclude that substantial evidence supports the agency's conclusion that Jin's "deliberately evasive and non-responsive" demeanor demonstrated her lack of credibility. *See Li Hua Lin v. United States Dep't of Justice*, 453 F.3d 99, 109 (2d Cir.2006); *Majidi v. Gonzales*, 430 F.3d 77, 81 n. 1 (2d Cir.2005).

The agency also identified inconsistencies between Jin's testimony and the medical document she submitted to corroborate her forced abortion claim. Jin testified that she was still at home when she was tricked into agreeing to receive an injection that induced an abortion, circumstances supporting her claim that the procedure was not voluntary. But her corroborative hospital records indicate otherwise, specifically that Jin received the injection that terminated her pregnancy at the hospital only after a sonogram. While Jin asserts that only an expert could be expected to answer questions regarding the medical procedures performed to effect her abortion, the noted inconsistency went less to exact procedures than to Jin's lack of familiarity with the medical document she had sub-

mitted to corroborate her claim. *See Majidi*, 430 F.3d at 80–81. The agency's reliance on the noted inconsistencies to support the adverse credibility determination was not improper because they involve a central element of Jin's claim: whether she, in fact, had a *forced* abortion. *See* 8 U.S.C. § 1101(a)(42); *see also Secaida–Rosales v. INS*, 331 F.3d 297, 308–09 (2d Cir.2003).

The agency also relied on the absence of original identification documents to support its adverse credibility determination because their absence undermined a fundamental element of Jin's claim—her identity. *See* 8 U.S.C. § 1101(a)(42); *Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528–29 (2d Cir.2006). Jin explained that she had given her original documents to a smuggler when she arrived in the United States. The IJ found this explanation implausible and we are not persuaded that a contrary conclusion was compelled given the IJ's determination that petitioner's overall demeanor belied her credibility. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 68 (2d Cir.2007) (per curiam) ("The fact that there could conceivably be a scenario in which Yan's behaviors would be deemed plausible will not compel this Court to label unreasonable an IJ's finding of implausibility with respect to that alleged course of behavior."); *Siewe v. Gonzales*, 480 F.3d 160, 168 (2d Cir.2007) ("[W]e will reject a deduction made by an IJ only when there is a complete absence of probative facts to support it—that is, when the speculation is 'bald.'") (citation omitted); *Majidi*, 430 F.3d at 80–81.

To the extent Jin challenges the IJ's other findings relating to credibility, specifically, the implausibility of her testimony regarding her reasons for not marrying and for procuring a passport two months before becoming pregnant, we decline to

consider these arguments because, even if they were in error, remand would be futile as we can confidently predict that the agency would reach the same adverse credibility conclusion on remand. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338–39 (2d Cir.2006). In sum, because substantial evidence supports the IJ's adverse credibility determination, we deny Jin's petition for review of her asylum, withholding of removal, and CAT applications. *See* 8 U.S.C. § 1252(b)(4)(B); *Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.